Williams, J.,
dissenting. In the case of the Wabash, St. Louis & Pacific Railway Company v. Ham, 114 U. S. 587, which was an appeal from a decree in equity of the circuit court for the district of Indiana, declaring certain bonds to be a lien upon the property formerly owned by the Toledo & Wabash Bail way Company, the same questions were made that are presented in this case and upon precisely the same state of facts. The bonds adjudged by the circuit court to be a lien, and those held by Compton, the plaintiff in this case, are of the same issue of equipment bonds of the Toledo & Wabash Bail-way Company, and the lien is here asserted against the identical property involved in that suit, and upon exactly the same grounds on which it was there sought to be maintained. Every consideration here urged in behalf of the plaintiff, was presented to the supreme court of the United States in support of the decree of the circuit court declaring the lien, but the decree was reversed. The decision of that case was a final adjudication against the right of lien here contended for, to the extent, at least, of the bonds held by parties.to the suit, and for obvious reasons should be followed, unless it clearly appear to be founded in mistake. It does not appear to me to be so. On the contrary, I regard the opinion of the court by Mr. Justice Gray as entirely sound, while the construction given to the statute providing for the consolidation of railroad companies, *625 by the opinion of the majority of the court in this case, praetipally makes every consolidation an assignment by each constituent company for the benefit of its creditors, -which may be cut in process of administration by any creditor at any time, and virtually defeats the purpose of the statute.